CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 12 2012

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **WILLIAM ANTOINE JASPER,** | ) | **CASE NO. 7:11CV00210** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **DANIEL A. BRAXTON, WARDEN,** | ) | **By:  Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent(s).** | ) | |

William Antoine Jasper, a former Virginia inmate proceeding pro se, filed this petition

for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his October 6, 2009

conviction for pickpocketing. The respondent has filed a motion to dismiss that is ripe for

disposition.[1]  After reviewing the motion, the petition and attachments, and the records from the

state trial court and the Supreme Court of Virginia, the court grants the motion to dismiss.

### I

Jasper pleaded guilty on October 6, 2009, in the Louisa County General District Court, to

a charge of petit larceny of less than $5/pickpocketing (Case No. GC09005939). The Court

sentenced Jasper to 365 days in jail with 211 days suspended and entered judgment.  That same

day, the general district court nolle prossed a charge of misdemeanor trespass against Jasper

(Case No. GC09005940-00).  Jasper did not appeal the pickpocketing judgment to the Louisa

County Circuit Court.

On August 16, 2010, Jasper executed a petition for a writ of habeas corpus in the

Supreme Court of Virginia.  The earliest Court date stamp on Jasper's submissions indicates that

---

[1] The court notified Jasper of respondent's motion as required by Roseboro v. Garrison, 528
F.2d 309 (4th Cir. 1975), and warned petitioner that judgment might be granted for respondent if Jasper
did not respond to the motion by filing affidavits or other documents contradicting the government's
evidence or otherwise explaining his claims. Jasper did not respond directly to respondent's motion.
Because the time allotted for his response has expired, the matter is ripe for the court's consideration.

the Court received his petition on September 1, 2010.  In an affidavit attached to his <u>habeas</u> form

petition, Jasper alleged the following, as construed by the Supreme Court of Virginia:

> 1. Trial counsel was ineffective in his representation of petitioner on the two criminal charges in general district court; petitioner pleaded guilty but the plea was not voluntary so the conviction should be overturned;

> 2. Petitioner wanted to have his Louisa sentence run concurrent with a Charlottesville sentence but counsel said his representation of petitioner had ended and counsel was ineffective for failing to file the motion for reconsideration and failing to appeal to the circuit court; and

> 3. Judge Carpenter prosecuted petitioner when Carpenter was Commonwealth's Attorney in Goochland County, and the judge recused himself from petitioner's case, but still reviewed petitioner's motion for reconsideration of his sentence which was not proper.

(Record No. 101864).  The Court dismissed Jasper's <u>habeas</u> petition by order entered February 4,

2011, finding under <u>Carroll v. Johnson</u>, 685 S.E.2d 647, 652 (2009), that "the writ of habeas

corpus does not lie in this matter."[2]

Jasper signed and dated his § 2254 petition on April 10, 2011, and submitted it to the

United States District Court for the Eastern District of Virginia.[3]  Because the state court that

imposed the judgment under challenge is located in this district, the Eastern District transferred

the case to this court.  Jasper's petition consists of (1) a § 2254 form directing the court to "see

attached affidavit" for a statement of petitioner's grounds for relief; (2) a handwritten, unsigned

document entitled "affidavit," without paragraphs or claim numbers; and (3) attached documents,

---

[2] <u>Carroll</u> holds that there is no habeas corpus jurisdiction where "an order entered in the petitioner's favor . . . will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence."  685 S.E.2d at 652.

[3] A prisoner's <u>habeas</u> petition is deemed filed when he delivers it to prison officials for mailing to the court.  <u>See</u> Rule 3(d), Rules Governing § 2254 Cases; <u>Houston v. Lack</u>, 487 U.S. 266 (1988). The United States District Court for the Eastern District of Virginia received Jasper's petition on April 25, 2011, in an envelope postmarked April 21, 2011.  The court will assume for purposes of this opinion, however, that Jasper delivered his petition to prison officials for mailing to the court on April 10, 2011, the date that Jasper affixed to his signature on the § 2254 petition form.

primarily from trial counsel's file.  The affidavit attached to Jasper's § 2254 petition appears to be the same document that Jasper attached to his state court habeas petition.  Thus, the court construes his § 2254 petition as raising the same claims that he raised in his state petition.

Jasper is no longer incarcerated.  When he filed his § 2254 petition, Jasper was confined at Augusta Correctional Center.  Shortly after he filed his petition, Jasper notified the court that authorities had transferred him to Piedmont House, a community placement alternative to jail, conditioned on continued good behavior.  Unable to determine from Jasper's submissions specifically whether Jasper was still in custody on the Louisa County conviction,[4] the court required a responsive pleading from respondent, who filed a motion to dismiss.  Thereafter, Jasper notified the court of his release from confinement.

## II

Section 2254 limits the availability of this habeas corpus remedy to state prisoners who are "in custody" pursuant to the challenged state court judgment.  § 2254(a).  This requirement is satisfied if petitioner was "in custody" at the time he filed his § 2254 petition, regardless of subsequent events.  Spencer v. Kemna 523 U.S. 1, 7 (1998).  Courts have liberally construed the term "in custody" for purposes of § 2254 as referring not only to physical detention in a prison or jail, but also including other "restraints on [petitioner's] liberty [that are] not shared by the public generally."  Jones v. Cunningham, 371 U.S. 236, 240 (1963).  A person subject to a suspended sentence of imprisonment remains in custody for the purposes of § 2254 so long as he may be reincarcerated if he violates the terms and conditions of his suspended sentence.  Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).

---

[4]  Because Jasper had another § 2254 petition pending before the court, challenging a state conviction in the Circuit Court of the City of Charlottesville, Case No. 7:11CV00188, the court was aware that the Louisa County sentence was not the only sentence to which he was subject while incarcerated.

If a habeas petitioner was "in custody" under the challenged state court judgment at the time he filed his § 2254 petition, his release from custody during the pendency of the petition does not deprive the court of jurisdiction to address his claims.   Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).   See also Garlotte v. Fordice, 515 U.S. 39, 41 (1995) (petitioner subject to consecutive sentences "remains 'in custody' under all of his sentences until all are served"). Similarly, when petitioner's sentence expires after he files his habeas petition, but before the proceedings are complete, the petition is not moot if petitioner remains subject to "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction." Spencer, 523 U.S. at 7 (omitting internal quotations).  Absent evidence of such continuing disability stemming from the challenged conviction, the habeas petition must be dismissed as moot. Id. at 7-8.

The motion to dismiss does not address the issues of whether Jasper was in custody under the suspended sentence imposed for his Louisa County pickpocketing conviction at the time he filed this § 2254 petition and thereafter or whether his petition is moot in light of his release. Information in state court records now before the court, however, indicates that although Jasper remained "in custody" when he filed his petition, his claims have since become moot.

The statutory provision authorizing suspended sentences provides as follows:

> In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.

Va. Code Ann. § 19.2-306(A).  "A suspension of sentence is effective immediately upon entry of the conviction order that suspends the sentence. Carbaugh v. Commonwealth, 449 S.E.2d 264, 268 (Va. App. 1994) (citing Coffey v. Commonwealth, 167 S.E.2d 343, 345-46 (Va. 1969) (explaining that suspension and probation in same judgment proscribe two periods, with the

suspension itself running from date of imposition of sentence).  If the defendant is accused of violating the conditions of the suspension order within the period of suspension, the court can hold a hearing to determine whether or not to revoke some or all of the suspended sentence, provided that the court issues notice to the petitioner within one year of the date on which the period of the suspension expired.  § 19.2-306(B).

Under these provisions, Jasper was "in custody" on this Louisa County sentence when he filed his § 2254 petition in April 2011.  The Louisa County General District Court's judgment states Jasper's sentence as follows:

> JAIL SENTENCE of 365 [days] imposed . . . with 211 [days] suspended for a period of 12 months conditioned upon being of good behavior, keeping the peace, obeying this order and paying fines and costs.[5]

The judgment in Jasper's case does not impose any term of probation or supervision, or specify that the 12-month period of suspension would commence only upon Jasper's release from incarceration.  Thus, the court concludes that the suspended portion of Jasper's Louisa County sentence was suspended for 12 months, beginning on October 6, 2009, and that suspension period expired on October 6, 2010.  One year later, on October 6, 2011, the court's authority under § 19.2-306(B) to revoke the suspended sentence for any violations committed during the suspension period also expired. Therefore, Jasper no longer faces any potential sentence of detention pursuant to the Louisa County conviction.  Moreover, because nothing in the record suggests that he remains subject to any "concrete and continuing injury" as a result of this misdemeanor conviction, Spencer, 523 U.S. at 7, the court concludes that Jasper's habeas claims are moot.  The petition will be dismissed on that ground, and on the alternative ground that Jasper's § 2254 petition was untimely filed.

---

[5] The Louisa Court records do not indicate that, at any time, the Court revoked any portion of Jasper's suspended sentence of 211 days.

## III

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

Jasper's § 2254 petition was not timely filed under § 2244(d)(1)(A). The Louisa County General District Court entered its final judgment in the case on October 6, 2009. Under Virginia Code Ann. § 16.1-132, Jasper had 10 days to note his appeal to the circuit court, or until October 16, 2009. He did not appeal. Thus, Jasper's conviction became final on October 16, 2009, and his federal filing period began to run. On August 16, 2010, after 304 days of the period had elapsed, Jasper filed his state habeas petition, which tolled the federal filing period. After the Supreme Court of Virginia dismissed the state petition on February 4, 2011, the federal filing period began to run again and expired 61 days later on April 6, 2011. Jasper "filed" his federal habeas petition by delivering it to prison officials four days later on April 10, 2011, beyond the federal filing period. Therefore, Jasper's federal petition is untimely under § 2244(d)(1)(A).

Jasper is not entitled to have his federal filing period calculated under one of the other subsections of § 2244(d)(1), because Jasper's claims in this petition do not involve new facts, new court decisions, or unconstitutional impediments. Jasper does not argue any ground on which he is entitled to equitable tolling of the federal filing period.[6] For the stated reasons, the

---

[6] See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (requiring that to invoke equitable tolling, an otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent); United States v. Sosa, 364 F.3d 507, 512

court concludes that even if the court had jurisdiction to address Jasper's <u>habeas</u> claims, Jasper's

§ 2254 petition is untimely under § 2244(d)(1)(A), which bars this court's consideration of

Jasper's claims on the merits.

IV

For the reasons stated, the court dismisses Jasper's petition as moot, or in the alternative,

as untimely filed under § 2244(d)(1)(A).  The court grants the motion to dismiss and dismisses as

moot Jasper's motion to amend to substitute a different custodian following his release from

incarceration.

The Clerk is directed to send copies of this memorandum opinion and accompanying

order to petitioner.

ENTER:  This _12th_ day of March, 2012.

_____
Chief United States District Judge

---

(4th Cir. 2004) (finding that inmate's <u>pro se</u> status and ignorance of the law are not sufficient grounds to
justify equitable tolling).